UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Ismail S.

Civ. No. 26-3593 (PAM/DLM)

Petitioner,

v.

**MEMORANDUM AND ORDER**

Markwayne Mullin, Secretary, Department of Homeland Security, U.S. Department of Homeland Security; David J. Venturella, Acting Director of Immigration and Customs Enforcement, Immigration and Customs Enforcement; David Easterwood, Field Office Director of Enforcement and Removal Operations, Minneapolis – St. Paul Field Office, Immigration and Customs Enforcement; and Joel Brott, Sheriff of Sherburne County, Minnesota, custodian of detainees at the Sherburne County Jail; in their official capacities,

Respondents.

---

This matter is before the Court on Petitioner Ismail S.'s Petition for Writ of Habeas Corpus. ("Pet." (Docket No. 2).)[1] For the following reasons, the Court denies the Petition.

**BACKGROUND**

Petitioner Ismail S. is a citizen of Kenya. (Id. ¶¶ 1, 18.) He entered the United States at an unknown date and time without authorization. (Decl. of Benjamin Northwood

---

[1] The Court finds that counsel for Petitioner sufficiently verified that she is authorized to bring the Petition on his behalf pursuant to 28 U.S.C. § 2242. (See Docket No. 2 at 44; Docket No. 8-1 ¶ 5 (explaining that counsel has discussed the petition with Petitioner).)

(Docket No. 7) ¶ 4.)[2] Late in the evening on November 22, 2025, Border Patrol agents apprehended him about 1.5 miles south of the Canadian border in North Dakota. (Pet. ¶ 5; Northwood Decl. ¶ 5; id. Ex. 1.) Petitioner admitted to crossing the border illegally from Canada and knowing that he was in the United States. (Northwood Decl. ¶ 5.) Border Patrol agents took him into custody for processing, and he was subject to the expedited removal process under 8 U.S.C. § 1225(b)(1). (Id. Ex. 1; Pet. ¶¶ 6, 7, 62.)

Petitioner was charged with illegal entry in violation of 8 U.S.C. § 1325(a)(1). (Pet. ¶ 4; Northwood Decl. ¶ 5.) On December 17, 2025, Petitioner had a detention hearing in this criminal case and the judge granted him pretrial release. (Pet. ¶ 5; Northwood Decl. ¶ 6; Northwood Decl. Ex. 1 at 4.) Petitioner was immediately brought into custody of Immigration and Customs Enforcement ("ICE") and served with a Form I-860 Notice and Order of Expedited Removal, a Form I-867A/B, and a list of free legal services.[3] (Pet. ¶ 6; Northwood Decl. Ex. 1 at 4.)

Petitioner sought asylum under § 1225(b)(1)(A)(ii), so, on January 13, 2026, an asylum officer conducted a credible fear interview under § 1225(b)(1)(B)(i) and concluded that Petitioner did not have a credible fear of persecution, pursuant to § 1225(b)(1)(B)(iii)(I). (Pet. ¶¶ 60-61.) Petitioner sought review of this finding by an immigration judge under § 1225(b)(1)(B)(iii)(III). The immigration judge vacated the

[2] The Court rejects Plaintiff's request to strike much of Respondents' declaration as inadmissible hearsay.

[3] Petitioner repeatedly claims to have been served an I-200 Warrant of Arrest on December 18, 2025, but he does not provide this document, nor do Respondents have such a document in their possession. The Court decided this case based on the record before it, not based on an allegation of the existence of a document not in the record.

finding on February 12, 2026, concluding that Petitioner had "established a significant possibility" that he may be eligible for asylum or withholding of removal, placing him in regular, non-expedited removal proceedings under 8 U.S.C. § 1229a. (Id. ¶¶ 62-63; Northwood Decl. ¶ 7; Northwood Decl. Ex. 4.) Subsequently, Border Patrol transferred him to the custody of the United States Marshal Service pending his prosecution for improper entry under 8 U.S.C. § 1325. (Northwood Decl. ¶ 5.)

On March 4, 2026, Respondents provided Petitioner a Notice to Appear and placed him in non-expedited removal proceedings in light of the immigration judge's February 12 finding. (Pet. ¶ 63; Northwood Decl. Ex. 2 at 1.) On March 18, 2026, an immigration judge erroneously provided Petitioner with a bond, but corrected the error and withdrew the bond the next day. (Pet. ¶¶ 66-67.) An immigration judge ordered Petitioner removed on May 18, 2026, and that decision is on appeal to the Board of Immigration Appeals. (Id. ¶¶69-70; Northwood Decl. Ex. 3 at 16.)

Petitioner pled guilty to his criminal charge and was sentenced on July 21, 2026, under 8 U.S.C. § 1325(a)(1). (Northwood Decl. ¶ 10.) He remains detained at the Sherburne County Jail. (Id. ¶ 11.)

**DISCUSSION**

Petitioner filed a petition for writ of habeas corpus under 28 U.S.C. § 2241, asking the Court to order his immediate release or alternatively provide him with a bond hearing. The Petition alleges Respondents violated Petitioner's constitutional rights, the Administrative Procedure Act, and the Immigration and Nationality Act. Respondents

contend that his detention is mandatory pending removal proceedings under 8 U.S.C. § 1225(b)(2).

Petitioner is in removal proceedings pursuant to 8 U.S.C. § 1229a, and his detention is mandatory under § 1225(b)(2)(A). Petitioner presents no evidence that he is not an "applicant for admission" or that he is clearly entitled to stay in the United States. See 8 U.S.C. § 1225(b)(2)(A). Petitioner's detention is thus mandatory. See Avila v. Bondi, 170 F.4th 1128, 1136 (8th Cir. 2026) (explaining that "§ 1225(b)(2)(A) mandates the detention of unadmitted aliens already present inside the United States").

Petitioner's claim regarding violations of the Immigration and Nationality Act ("INA") fails. He alleges that his arrest violated 8 U.S.C. § 1357(a)(2), which states that an immigration officer may arrest an alien without a warrant "for any offense against the United States" if the alien is likely to escape before a warrant can be obtained. See 8 U.S.C. § 1357(a)(5)(B). When apprehended by Border Patrol agents, Petitioner admitted to illegally crossing the border into the United States, no doubt providing probable cause that he violated 8 U.S.C. § 1325(a)(1). It was reasonable for officers to believe Petitioner would have been likely to escape before a warrant could have been obtained and that Border Patrol could not have located him after obtaining a warrant. His arrest complied with the law and therefore this aspect of Petitioner's claim is denied.

Petitioner also claims that Respondents violated the INA when ICE took him into custody following his criminal court hearing on December 17, 2025. However, ICE was not making a new arrest but merely resuming custody following Petitioner's November 2025 arrest. Petitioner seemingly overlooks the distinction between pretrial release in a

criminal case and the Executive's preexisting statutory duty to detain aliens under § 1225(b), and Petitioner provides the Court with no authority indicating that criminal pretrial release effectively cancels out the Executive's ability to enforce immigration laws.

Petitioner further alleges that Respondents violated the INA by not issuing him a Notice to Appear until February 16, 2026. However, he was in expedited removal proceedings until just days earlier, which do not require a Notice to Appear to issue. Petitioner's INA claim fails.

Also, Petitioner claims that Respondents did not follow procedure when arresting him, in violation of the Administrative Procedure Act ("APA"). When apprehended near the border, Petitioner was arrested under 8 U.S.C. § 1357(a)(5)(A), and his detention was mandatory under § 1225(b). Petitioner further alleges that Respondents have not provided a reason for his detention. The record is clear that Petitioner was initially arrested on probable cause for violating United States immigration law. See 8 U.S.C. § 1357(a)(5)(A). Petitioner fails to demonstrate that Respondents violated the APA.[4] See 5 U.S.C. § 706(2)(D).

Petitioner's constitutional claims fare no better. He claims that Respondents violated the Fourth Amendment when arresting him. Section 1225 makes no mention of a warrant, but even so, Respondents had probable cause to arrest him for violating immigration law, including his own admission of doing so, as described above. The Fourth Amendment requires no more, and Petitioner's Fourth Amendment claim fails.

[4] Although the petition mentions 8 C.F.R. § 1236.1(c)(9), it does not apply to Petitioner, because he was not released after being taken into custody.

Finally, Petitioner claims that Respondents violated his Fifth Amendment right to due process by detaining him without providing a bond hearing and conducting an individual assessment of whether he poses a flight risk or a danger to society. Petitioner was originally detained pursuant to § 1225(b)(1) and is now detained pursuant to. § 1225(b)(2), neither of which include a possibility of bond. Thus, Petitioner's due process argument misses the mark. Although Petitioner argues that the process set out in § 1225(b) is constitutionally inadequate, he received the process he is due. Therefore, Petitioner's due process claim is without merit.

The Court concludes that Petitioner is not entitled to the habeas relief that he seeks, and thus denies his Petition.

**CONCLUSION**

Accordingly, **IT IS HEREBY ORDERED that:**

1. The Petition (Docket No. 2) is **DENIED**; and

2. This action is **DISMISSED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: September 9, 2026

s/ Paul A. Magnuson
Paul A. Magnuson
United States District Court Judge